IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jerome Henry,<br><br>　　　　PETITIONER<br><br>　　v.<br><br>United States of America,<br><br>　　　　RESPONDENT | Crim No. 4:11-cr-00416-TLW<br>C/A No. 4:13-cv-02298-TLW<br><br><br>**Order** |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Jerome Henry. For the reasons stated below, the Court dismisses the petition.

## I.     Factual and Procedural History

On September 14, 2011, Petitioner pled guilty to Count 1 of the Indictment, which charged him with Conspiracy to Possess With Intent to Distribute and Distribution of 5 Kilograms or More of Cocaine, 280 Grams or More of Cocaine Base, 50 Kilograms or More of Marijuana, and a Quantity of Methylenedioxymethamphetamine. On January 19, 2012, the Court sentenced him to 188 months imprisonment,[1] followed by a five-year term of supervised release, and Judgment was entered on January 25, 2012. (Doc. #562.) He filed a direct appeal, and the Fourth Circuit affirmed. (Doc. #731.)

On or about August 23, 2013, Petitioner filed this motion under § 2255, stating that a two-point sentencing guideline enhancement he received based on his role in the offense should

---

[1] After the Government withdrew the two-level firearm enhancement, his total offense level was 33, with a criminal history category of IV, resulting in a guideline range of 188 to 235 months.

1

not have been applied to his case based on the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). (Doc. #785 at 4.) On September 6, 2013, the Government filed a Response and a Motion for Summary Judgment. (Doc. #789, 790.) On October 25, 2013, Petitioner filed a Reply to the Government's Response. (Doc. #805.)

Additionally, on October 15, 2013, Petitioner filed a document entitled "Motion to Vacate Sentence and Reduce Guideline Points and Enhancements Based Upon Federal Rules of Civil Procedure 60(b), USSG, 21 U.S.C.S. 802(44), and Current Appellate and Supreme Court Rulings." (Doc. #803.) The Court will construe this filing as an amendment to his § 2255 petition. In this filing, he asserts that his prior criminal convictions should not have added six points to his criminal history calculation because "[t]he enhancements utilized by the Probation Officer and the prosecutor do not qualify as predicate offenses." (Doc. #803 at 2.)

This matter is now ripe for decision.

## II.    28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a motion in the court that imposed the sentence to vacate, set aside, or correct the sentence. A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam). "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental

2

defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)).

In deciding a § 2255 motion, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's *pro se* filings, and finds that no hearing is necessary.

## III. Standard of Review

Petitioner brings this motion *pro se*. Courts are required to construe liberally pleadings filed by *pro se* litigants to allow for the development of potentially meritorious claims. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). These pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, "[t]he 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

The Government filed a motion for summary judgment. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At the summary judgment stage, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby Inc.,* 447 U.S. 242, 255 (1986).

3

## IV.  Discussion

### A.  Relief under *Alleyne*

As Petitioner was sentenced prior to the *Alleyne* decision (he was sentenced on January 19, 2012 and *Alleyne* was released on June 17, 2013), for him to be entitled to relief under that decision, it would have to apply retroactively.  Simply put, *Alleyne* has not been held to apply retroactively on collateral review.  *See, e.g.*, *In re Payne*, 733 F.3d 1027, 1029–30 (10th Cir. 2013) ("The [Supreme] Court has not held that *Alleyne* applies retroactively to cases on collateral review."); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (holding that the constitutional rule announced in *Alleyne* was not made retroactively applicable on collateral review, and *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which itself is not retroactive).

Furthermore, even if *Alleyne* did apply retroactively, it would not apply to his case.  The defendant in *Alleyne* was convicted on a firearm charge under 18 U.S.C. § 924(c), *Alleyne*, 133 S. Ct. at 2155–56, while Petitioner was convicted on a drug conspiracy charge.  Petitioner was not convicted of a § 924(c) offense and there was no issue of a firearm in his sentence,[2] so the decision in *Alleyne* is not on point.

Additionally, to the extent that Petitioner alleges that he is entitled to relief based on the general principles discussed in *Alleyne*, he is incorrect.  "*Apprendi* concluded that any 'facts that increase the prescribed range of penalties to which a criminal defendant is exposed' are elements of the crime."  *Alleyne*, 133 S. Ct. at 2160 (quoting *Apprendi*, 530 U.S. at 490).  Here, there were no facts that increased the statutory range of penalties.  The two-level guideline enhancement did

---

[2] As noted previously, the Government withdrew a two-level firearm enhancement at sentencing.

not increase the statutory range of penalties; it only altered his advisory guideline range. Accordingly, Petitioner is not entitled to relief under *Alleyne*.

### B.    Criminal history

Petitioner asserts that his criminal history category was calculated incorrectly because he believes he should not have received six criminal history points for his prior convictions.[3]  All of his previously-filed objections to the Presentence Investigation Report (which did not include a challenge to his criminal history category) were withdrawn at sentencing.  By failing to raise the issue at sentencing, he has procedurally defaulted his claim that his criminal history category was incorrectly calculated.  *See, e.g.*, *United States v. Mikalajunas*, 186 F.3d 490, 496–97 (4th Cir. 1999) ("[T]he mere misinterpretation or application of a guideline provision generally does not amount to a miscarriage of justice that warrants relief under § 2255.").  According, he is not entitled to relief regarding his criminal history category.

## V.    Conclusion

For the reasons stated, the Government's Motion for Summary Judgment (Doc. #790) is **GRANTED**, Petitioner's motion for relief pursuant to § 2255 (Doc. #785) is **DENIED**, and his motion to vacate (Doc. #803) is **DENIED**.  This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings.  The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised in this petition.  Petitioner is advised that he may seek a

---

[3] Petitioner also refers to his prior convictions being counted as "predicate offenses" and refers to United States Sentencing Guideline § 4B1.1, but predicate offenses and § 4B1.1 involve career offenders, and he was not sentenced as a career offender.

5

certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

<u>s/ Terry L. Wooten</u><br>
Terry L. Wooten<br>
Chief United States District Judge

July 31, 2014<br>
Columbia, South Carolina